JAMES D. CARTON

*v.*

MORRIS EICHENGREEN et al.

[Decided October 17th, 1927.]

On appeal from a decree of the court of chancery dismissing the bill advised by Vice-Chancellor Backes.

*Mr. Robert H. McCarter,* for the appellant.

*Mr. Merrill Lane,* for the respondents.

PER CURIAM.

The bill in this case was filed for the purpose of having a trust imposed in favor of the complainant upon eighteen acres of land in Neptune City, the title to which is in the Eichengreen Land Company, which holds it by a conveyance for Eichengreen, the president of the corporation. The hearing of the cause resulted in a dismissal of the bill, and the complainant, Carton, has appealed.

An examination of the case discloses the following situation: In 1910 the property in litigation was sold for unpaid taxes, and the tax title acquired at that sale became vested in Carton. Subsequent tax sales were held in the years 1911, 1913, 1914, 1915, 1918, 1919, 1921 and 1922, and Carton was the purchaser of the tax title at each of these sales, the total amount paid by him therefor being $1,690.38. Some time in the year 1922 Eichengreen, who was the owner of adjacent property, learned that the complainant, Carton, had some interest in the eighteen-acre tract, and offered him $20,000 for a conveyance of the property. Carton refused to accept this sum, but, after some negotiation, agreed to make a conveyance of the land for $25,000. Eichengreen says that when these negotiations were entered into he understood

that Carton was the owner of the property, and, as such, able to make a conveyance thereof, and it was under this belief that negotiations between them were carried on originally. Carton denies this, and says that Eichengreen knew just what this interest was. Just what the fact was is immaterial, because it is conceded that Eichengreen subsequently learned that Carton's interest was, and that, having learned that, Carton agreed to purchase the outstanding interests, which would have to be extinguished before he could make a valid deed. He, however, did nothing, except to carry on a correspondence with the owners of the equity of redemption, offering them $5,000 for the conveyance of their respective rights in the land. The matter dragged along for some two years, during which no action was taken by the owners of the equity of redemption upon Carton's offer. At the end of that time Eichengreen purchased the equity of redemption from the owners thereof, paying therefor some $6,000. The matter in dispute between the parties is whether Eichengreen purchased for his own benefit or for the joint benefit of himself and Carton. Carton's claim is the Eichengreen's purchase was the result of a conversation between the two, in which Eichengreen complained bitterly of the long delay of Carton in bringing matters to a head, and that Carton then told him who the parties owning the outstanding interests were, and suggested that he, Eichengreen, should see what he could do toward acquiring those interests; and that it was agreed between them that, if Eichengren was successful in doing this, his act should be for their joint benefit. Eichengreen, on the contrary, denies any such arrangement having been made between them, and says that he was not informed by Carton who the owners of these outstanding interests were, but that, tiring of the long delay by Carton, he concluded to deal directly with those owners; that he employed a lawyer to find out who they were by seaching the records; that after this was done he entered into negotiations with them and purchased the property from them solely for his own use and benefit. He asserts that, under these facts, he was, and his grantee is, entitled to hold the prop-

erty free and clear from any implied trust in favor of Carton, subject solely to the latter's tax liens.

Vice-Chancellor Backes, who heard the cause, concluded that Mr. Carton had failed to sustain the case made by his bill by a preponderance of the evidence, and, for this reason, advised the decree of dismissal. Our examination of the proofs leads us to the conclusion that the finding of the vice-chancellor, that the Eichengreen Land Company holds the land in question from any trust imposed upon it in favor of Carton, is not so clearly opposed to the weight of the testimony as to justify a reversal, and that, consequently, the decree appealed from should be affirmed.

It will be so ordered.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.